LAWSON, J.
John G. Billias, (“Billias”), appeals the denial of his motion to vacate sentence *918 pursuant to rule 3.850(a) of the Florida Rules of Criminal Procedure. Finding that Billias’ probationary sentences expired prior to the date on which he was alleged to have violated his probation (and subsequently sentenced to 56 months in state prison), we reverse and order that the sentences entered on March 7, 2005 be vacated.
The.procedural history of these matters is confusing because of the number of times that Billias was reinstated to probation.[1] In case no. 97-18380, Billias was convicted of introducing contraband into a county detention facility in violation of section 951.22, Florida Statutes (a third-degree felony, with a maximum penalty of five years in state prison). In case no. 99-31256, Billias was convicted of false imprisonment in violation of section 787.02(1), Florida Statutes (also a third-degree felony with the same maximum penalty). The procedural focal point relevant to the issues on appeal in both cases occurred on April 22, 2003, when Billias was sentenced on a violation of probation to concurrent terms of three years in state prison, followed by a new term of two years of probation.
These sentences were clearly erroneous. Under section 948.06(3), Florida Statutes (2003):
When the court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for >-time served while on probation or community control toward any subsequent term of probation or community control. However, the court may not impose a subsequent term of probation or community control which, when combined unth any amount of time served on preceding terms of probation or community control for offenses before the court for sentencing, would exceed the maximum penalty allowable as provided by s. 775.082.
(emphasis added).
Because the total sentence imposed (five years) was already at the statutory maximum for each offense, section 948.03(6) required that the court reduce the probationary term of the split sentence by all of the time that Billias had served on his many prior terms of probation or community control.[2] Using a conservative calculation from this confusing record, it appears that at the time of sentencing on April 22, 2003, Billias had already served a minimum of 615 days of probation on the 1999 case (and even more probationary time on the 1997 case). Subtracting the 615 days that Billias had already served on probation from the two years of “jurisdiction” remaining after imposition of the three-year prison sentence, we conclude that the maximum legal probationary period that could have been imposed following the three-year prison sentence was 115 days. Therefore, when Billias was released from prison on July 5, 2004, his probation had to expire 115 days later, on October 28, 2004.
Billias is correct that the January 24, 2005” violation of probation warrant was issued in these eases after the court’s jurisdiction over him had expired. We re *919 verse and remand with directions to discharge Billias.
REVERSED and REMANDED.
GRIFFIN and TORPY, JJ., concur.

. Billias' probation was violated a total of six times in the 1997 case and four times in the 1999 case. Except for the final violation, Billias was either reinstated to probation or given a new probationary sentence following each of these violations.

. When the Department of Corrections notified the court that by their calculations Billias had already served a full two years on probation or community control, the court instructed the Department to only credit Billias with the time spent on his most recent probationary sentence.